UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MEHMET SERIF PEKPAK,

Petitioner,

v.

WARDEN, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26-CV-4489 JLS (MMP)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Mehmet Serif Pekpak's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4). Petitioner did not file a traverse. *See generally* Docket. For the reasons set forth below, the Court **GRANTS** the Petition for a Writ of Habeas Corpus.

**BACKGROUND**

Pekpak, a citizen of Turkey, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since January 19, 2026, when he re-entered the United States. Pet. at 1. In December of 2023, fearing persecution and torture in Turkey, Pekpak crossed the U.S. border from Mexico seeking asylum. *Id.* Pekpak was released on his own

recognizance. *Id.* On January 19, 2026, Petitioner departed the United States, re-entered, and was detained. *Id.* Pekpak was placed into custody and subsequently applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* Pekpak's "removal proceedings remain pending before the Immigration Court, and there is no definite end to his detention." *Id.* at 6. Pekpak filed the present Petition, arguing that his prolonged detention violates the Fifth Amendment's Due Process Clause, requesting release, or in the alternative, a bond hearing. *See* Pet. at 7.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I. Jurisdiction

The Government argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Pekpak's claim arises from the decision to commence removal proceedings. Ret. at 4–5. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any

alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Pekpak does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, he is challenging his prolonged detention without a bond hearing. Pet. at 1. Pekpak is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II. Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts

evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Pekpak has established he is entitled to a bond hearing. Pekpak's length of detention—approximately seven months—without a bond hearing weighs in his favor. Courts have found that detention of similar length without a bond hearing weighs towards finding that detention has become unreasonable. *See, e.g.*, *Castro Ricardo v. ICE Field Off. Dir.*, No. 26-CV-1195-SAB, 2026 WL 1179786, at *2 (W.D. Wash. April 30, 2026) (finding detention prolonged without a hearing at five and a half months); *Nche v. Patrick*, No. 26-CV-2449-JES-DDL, 2026 WL 1195015, at *3 (S.D. Cal. May 1, 2026) (finding this factor weighed slightly in favor of a bond hearing after six months of detention); *Thompson v. Mullin*, No. 26-CV-2743-JLS-BJW, 2026 WL 1697635, at *2 (S.D. Cal. June 11, 2026) (finding that a seven-month detention weighed in favor of granting a bond hearing); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Pekpak.

As to the likely duration of future detention, Pekpak argues that his detention is likely to continue for "many additional months" because his removal proceedings are pending before the Immigration Court. Pet. at 6. The Court agrees, as he has yet to receive an individual hearing and the Government "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020).

Delay in removal proceedings is neutral since the record does not suggest delay by the Government nor Pekpak. *See* generally Pet.; Ret. Balancing the discussed factors, the

Court concludes that Pekpak's detention has become unreasonably prolonged, and therefore, he is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Pekpak's Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** the Government to provide Pekpak with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the Government bears the burden of establishing by clear and convincing evidence that Pekpak is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Pekpak shall be released from the Government's custody. The Parties **SHALL** file a Joint Status Report by September 14, 2026, informing the Court of the outcome of the hearing. The Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Janis L. Sammartino
United States District Judge